UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BELINDA KLINK | CIVIL ACTION |
| VERSUS | NO. 18-2906 |
| ZALEN MOORE AND KNIGHT TRANSPORTATION, INC. | SECTION "R" (4) |

## ORDER AND REASONS

The parties jointly move to remand this case to state court.[1]  For the following reasons, the Court grants the motion.

## I.   BACKGROUND

This case arises out of a motor vehicle accident between plaintiff Belinda Klink and defendant Zalen Moore on February 21, 2017.[2]  Moore was driving a truck owned by defendant Knight Transportation, Inc.[3]  Plaintiff allegedly sustained injuries to her neck, head, extremities, and back because of the accident.[4]

Plaintiff sued Moore and Knight Transportation in state court on February 21, 2018.  Defendants removed the case to this Court on March 19,

---

[1]    R. Doc. 7.
[2]    R. Doc. 1-1 at 1.
[3]    *Id.*
[4]    *Id.* at 2.

2018, on the basis of diversity jurisdiction.[5]  Plaintiff has stipulated that her damages do not exceed $75,000.[6]  In light of this stipulation, the parties jointly move to remand the case to state court.[7]

## II.  DISCUSSION

Unless a federal statute expressly provides otherwise, a defendant may remove a civil action filed in state court to federal court if the federal court would have had original jurisdiction over the case.  28 U.S.C. § 1441(a).  The removing party "bears the burden of showing that federal jurisdiction exists and that removal was proper."  *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).  In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."  *Manguno*, 276 F.3d at 723 (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

---

[5]     R. Doc. 1 at 2.
[6]     R. Doc. 7-2.
[7]     R. Doc. 7.

District courts have original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "The jurisdictional facts that support removal" must exist at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). "Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Id.* at 882 (citing La. Code Civ. Proc. art. 893.). Courts may consider post-removal stipulations by plaintiffs as to the amount in controversy "only if the basis for jurisdiction is ambiguous at the time of removal." *Id.* at 883. But "if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal," post-removal stipulations cannot deprive a federal court of jurisdiction. *Id.*

The amount in controversy is not facially apparent from plaintiffs' petition. Plaintiff seeks damages for pain and suffering, mental anguish, medical expenses, disability, and loss of quality of life.[8] While such damages could support a higher award, the state court petition does not suggest that plaintiff's injuries were severe enough to justify damages exceeding $75,000. *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999)

---

[8]     R. Doc. 1-1 at 2-3.

(finding that amount of controversy above $75,000 was not facially apparent from complaint that "alleged, with little specificity, damages from less severe physical injuries").  Thus, it is not facially apparent from plaintiff's petition that she seeks damages exceeding $75,000.

Because the basis for jurisdiction was ambiguous at the time of removal, the Court may consider the post-removal stipulation executed by plaintiff.  This stipulation clearly limits the damages plaintiff seeks to $75,000, exclusive of interest and costs.[9]  Given this stipulation, and given the lack of any evidence that the amount in controversy exceeds $75,000, the Court finds that remand is proper because there is no basis upon which to conclude that the jurisdictional threshold is satisfied.

## III.  CONCLUSION

For the foregoing reasons, this case is REMANDED to the Civil District Court for the Parish of Tangipahoa.


New Orleans, Louisiana, this __30th__ day of April, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[9]     R. Doc. 4-1.